UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARCI KENON, on behalf of herself and others similarly situated, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| BLINK HOLDINGS, INC., EQUINOX HOLDINGS, INC., and BLINK 116th STREET, INC., | |
| Defendants. | Plaintiff Demands a Trial by Jury |

Plaintiff MARCI KENON ("Ms. Kenon" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Levine & Blit, PLLC, complaining of defendants BLINK HOLDINGS, INC., EQUINOX HOLDINGS, INC., and BLINK 116th STREET, INC. (collectively, "Defendants"), hereby alleges:

## NATURE OF THE ACTION

1. This collective action and class action is a civil action for damages and equitable relief based upon willful violations committed by Defendants of rights guaranteed by: (i) the minimum wages provisions of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 652(1), N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.1; and (iii) violations of the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195(1).

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, specifically non-payment of minimum wages; an award of liquidated damages under the FLSA and NYLL; statutory damages pursuant to the WTPA; prejudgment interest on the unpaid wages pursuant to the NYLL;

1

Plaintiff's reasonable attorneys' fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants reside within this judicial district.

## THE PARTIES

5. Ms. Kenon is a resident of the State of New York, and who began working for Defendants as a personal trainer in or about December 2015.

6. Blink Holdings, Inc. is a foreign for-profit corporation, duly organized and existing in the State of Delaware and conducting business in the State of New York, with its principal place of business located at 895 Broadway, 3rd Floor, New York, New York.

7. Equinox Holdings, Inc. is a foreign for-profit corporation, duly organized and existing in the State of Delaware and conducting business in the State of New York, with its principal place of business located at 895 Broadway, 3rd Floor, New York, New York.

8. Blink 116th Street, Inc. is a domestic for-profit corporation, duly organized and existing in the State of New York with its principal executive office located at 23 West 116th Street, New York, New York.

9. Defendants Blink Holdings, Inc. and/or Equinox Holdings, Inc. operate over 40 fitness clubs in New York and New Jersey.

10. At all times relevant to this action, Defendants are and were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and thus an entity covered by the FLSA.

11. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

12. Upon information and belief, Defendants Blink Holdings, Inc. and/or Equinox Holdings, Inc. have common ownership; have common officers, executives, and managers; are under common operational control; and have common control over employees, including control over their terms and conditions of employment, for all clubs doing business as "Blink Fitness" in New York and New Jersey.

13. Defendants are a joint employer and/or a single integrated employer.

14. At all times relevant to this action, Harvey Spevak served as Chief Executive Officer of Defendants.

15. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

16. At all times relevant to this action, Defendants were an "employer" within the meaning of applicable federal and state statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

17. At all times within the applicable statutory period, Defendants have employed hundreds of employees in New York and New Jersey, including Plaintiff, in the position of personal trainer, who were denied minimum wages.

18. Upon information and belief, Defendants have employed numerous trainers during the applicable statutory period who have been subjected to the same terms and conditions of employment as Plaintiff.

19. Defendants engaged in the employment practice of denying minimum wages to personal trainers pursuant to the acts and practices alleged herein.

20. The unlawful employment practices at issue with the respect to the similarly situated personal trainers and the named plaintiff in this action are identical, as Defendants, in all cases, have willfully denied such employees minimum wages.

21. Past and current personal trainers employed by Defendants who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims heard for alleged violations of the FLSA.

22. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

### CLASS ACTION ALLEGATIONS

23. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Ms. Kenon brings this action individually and on behalf of the following class of persons ("the Class"): all persons who have been employed by Defendants as a personal trainer in the State of New York during the applicable statutory period.

24. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendants have employed hundreds of individuals in the position of personal trainer during the applicable statutory period.

25. Questions of law and fact common to the Class include, but are not limited to, the following:

(a) Whether the named plaintiff and persons belonging to the Class did not receive the full amount of minimum wages due for hours worked for each work week;

(b) Whether the named plaintiff and persons belonging to the Class were required to work off-the-clock;

(c) Whether Defendants' denial of minimum wages to the named plaintiff and persons belonging to the Class was willful and without a good faith basis that its practices complied with the applicable law;

(d) Whether the named plaintiff and persons belonging to the Class received from Defendants a notice of specifically enumerated information upon their hiring or change in compensation pursuant to Labor Law 195(1); and

(e) Whether the named plaintiff and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

26. The claims made by the named plaintiff are typical of the claims of the Class and the named plaintiff and the Class incurred the same type of damages, as a direct result of the same practices and policies implemented by Defendants.

27. The named plaintiff will fairly and adequately protect the interests of the Class because the interests of the named plaintiff are aligned with those of the Class and the named plaintiff has no conflicts of interest with the Class. Likewise, the named plaintiff is represented by qualified and experienced counsel.

28. By engaging in such unlawful employment practices as failing or refusing to pay minimum wages and failing to furnish a proper wage notice upon hiring, Defendants have acted

or refused to act on grounds generally applicable to the Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

29. The questions of law and fact common to the Class, including, but not limited to, those identified in paragraph 22, predominate over questions affecting only the named plaintiff and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

30. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

31. At all times relevant to this Complaint and beginning in or around December 2015, Ms. Kenon was employed by Defendants as a personal trainer at their fitness club located at 27 West 116th Street, New York, New York.

32. Upon information and belief, Defendants failed to furnish Ms. Kenon and other personal trainers with a notice compliant with Labor Law 195(1) upon their hiring or any time thereafter.

33. From December 2015 until approximately April 2016, Ms. Kenon worked approximately twenty (20) to twenty-five (25) hours per work week performing the following duties: engaging prospective customers, staffing the gym's front desk, answering telephones, and other labor necessary for the operation of the fitness club (hereinafter referred to as "floor hours").

34. Ms. Kenon, as well as all of Defendants' other personal trainers, were required to work at least twenty (20) to twenty-five (25) floor hours per week.

6

35. Between December 2015 and approximately early April 2016, personal trainers, including Ms. Kenon, made use of a time clock to record their hours worked and were paid minimum wages for their floor hours.

36. In addition to their floor hours, personal trainers are and were expected to call prospective clients, email prospective clients, and follow-up with confirmed clients concerning their training sessions; such duties were expected to be performed off the clock resulting in the denial of minimum wages to Ms. Kenon and other personal trainers.

37. Beginning in or about April 2016, as part of a new policy implemented by Defendants, floor hours were no longer be compensated; thereby, denying additional minimum wages to Ms. Kenon and other personal trainers.

38. Because of Defendants' unlawful conduct, Ms. Kenon and the proposed Collective and/or Class have been denied minimum wages under the FLSA and NYLL.

39. Defendants were aware that Ms. Kenon and the proposed Collective and/or Class were performing work on their behalf that was off-the-clock and uncompensated.

40. Defendants were aware or should have been aware that their pay practices, as alleged herein, were in violation of the FLSA and NYLL, but it willfully engaged in such unlawful pay practices.

41. Defendants' non-payment of minimum wages was willful and without a good faith belief of compliance with the law; therefore, Plaintiff and the Proposed Collective and/or Class is entitled to recover liquidated damages under the FLSA and NYLL.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
### (Unpaid Minimum Wages in Violation of the FLSA)

42. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 41, as if fully set forth herein.

43. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

44. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

45. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA; however, Defendants willfully denied minimum wages to Plaintiff and all other similarly situated employees pursuant to the pay practices alleged herein.

46. Defendants were aware that Ms. Kenon and similarly situated employees were performing work for Defendant that was off-the-clock and uncompensated.

47. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and it does not have a good faith belief that it complied with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated.

48. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
### (Unpaid Minimum Wages in Violation of the NYLL)

49. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 48, as if fully set forth herein.

8

50. N.Y. Lab. Law § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

51. Defendants were the employer of Plaintiff and the Class within the meaning of the NYLL.

52. Plaintiff and the Class are and were non-exempt employees under the NYLL; however, Defendants willfully denied minimum wages to Plaintiff and all other similarly situated employees pursuant to the pay practices alleged herein.

53. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful under the NYLL with respect to the compensation of Plaintiff and the Class.

54. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Failure to Furnish Proper Notice in Violation of the NYLL § 195(1))**

55. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 54, as if fully set forth herein.

56. N.Y. Lab. Law § 195(1) requires that employers furnish employees with a written notice containing specifically enumerated information upon their hiring.

57. As alleged above, Defendants failed to furnish Ms. Kenon and the Class upon their hiring with a notice containing the information required under N.Y. Lab. Law § 195(1)(a).

58. As such, Defendants is liable to Ms. Kenon and the Class for statutory damages incurred plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court certify the collective and class; and enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA, NYLL, and NYCCRR relating to unpaid minimum wages and failure to provide statutorily required wage notices;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages to Plaintiff and the Collective and/or Class under the FLSA, NYLL, and NYCCRR for economic losses in the form of unpaid minimum wages;

d) An order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA, NYLL, and NYCCRR in an amount equal to the total amount of unpaid minimum wages;

e) An order awarding statutory damages to Plaintiff and the Class pursuant to the NYLL § 195(1) et seq.;

e) An award of prejudgment interest on the unpaid minimum wages owed to Plaintiff and the Class pursuant to the NYLL and NYCCRR;

f) An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees;

g) An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

h) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 7, 2016
New York, New York

LEVINE & BLIT, PLLC

Matthew J. Blit (MJB4145)
Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
mblit@levineblit.com
jclark@levineblit.com