```
----------------------------------------------------------x
MARCI KENON, on behalf of herself and
others similarly situated,

                             Plaintiff,

              -against-                              No. 1:16-cv-7869 (RJS)

BLINK HOLDINGS, INC., EQUINOX                        **DEFENDANTS' ANSWER TO
HOLDINGS, INC., AND BLINK 116TH                      PLAINTIFF'S FIRST
STREET, INC.,,                                       AMENDED COMPLAINT**

                             Defendants.
----------------------------------------------------------x
```

Defendants Blink Holdings, Inc., Equinox Holdings, Inc., and Blink 116th Street, Inc., (collectively referred to as "Defendants"), by and through their undersigned counsel, Jackson Lewis, P.C., hereby file their Answer and Defenses to Plaintiff Marci Kenon's ("Plaintiff") First Amended Complaint ("First Amended Complaint") and states as follows:

## AS TO "NATURE OF ACTION"

1. Defendants deny the allegations contained in Paragraph "1" of the First Amended Complaint, except aver that Plaintiff purports to bring the action described in Paragraph "1" of the First Amended Complaint.

2. Defendants deny the allegations contained in Paragraph "2" of the First Amended Complaint, except aver that Plaintiff purports to bring the action described in Paragraph "2" of the First Amended Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Defendants deny the allegations contained in Paragraph "3" of the First Amended Complaint, except aver that Plaintiff purports to invoke the jurisdiction of this Court as recited in Paragraph "3" of the First Amended Complaint.

4.      Defendants deny the allegations contained in Paragraph "4" of the First Amended Complaint, except aver that venue of this Court is proper.

## AS TO "THE PARTIES"

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the First Amended Complaint, except admit that Plaintiff is employed by Defendant Blink Holdings, Inc.

6.      Defendants deny the allegations contained in Paragraph "6" of the First Amended Complaint, except admit that Blink Holdings, Inc., is a Delaware Corporation.

7.      Defendants deny the allegations contained in Paragraph "7" of the First Amended Complaint, except admit that Equinox Holdings, Inc., is a Delaware Corporation but denied that it is a proper party to this action.

8.      Defendants deny the allegations contained in Paragraph "8" of the First Amended Complaint, except admit that Blink 116th Street, Inc., is a New York Corporation but denied that it is a proper party to this action.

9.      Defendants deny the allegations contained in Paragraph "9" of the First Amended Complaint.

10.     No response is required to the allegations contained in Paragraph "10" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "10" of the First Amended Complaint.

11.     No response is required to the allegations contained in Paragraph "11" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "11" of the First Amended Complaint except aver annual sales are in excess of five hundred thousand dollars ($500,000.00).

12. Defendants deny the allegations contained in Paragraph "12" of the First Amended Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the First Amended Complaint.

14. Defendants admit the allegations contained in Paragraph "14" of the First Amended Complaint.

15. No response is required to the allegations contained in Paragraph "15" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "15" of the First Amended Complaint as it pertains to Defendant Equinox Holdings, Inc., and Defendant Blink 116th Street, Inc.

16. No response is required to the allegations contained in Paragraph "16" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "16" of the First Amended Complaint as it pertains to Defendant Equinox Holdings, Inc., and Defendant Blink 116th Street, Inc.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

17. To the extent that Paragraph "17" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "17" of the First Amended Complaint.

18. To the extent that Paragraph "18" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "18" of the First Amended Complaint.

19. To the extent that Paragraph "19" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "19" of the First Amended Complaint.

20. To the extent that Paragraph "20" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "20" of the First Amended Complaint.

21. To the extent that Paragraph "21" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "21" of the First Amended Complaint.

22. To the extent that Paragraph "22" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "22" of the First Amended Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

23. To the extent that Paragraph "23" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "23" of the First Amended Complaint, except aver that Plaintiffs purport to proceed as set forth in Paragraph "23" of the First Amended Complaint.

24. To the extent that Paragraph "24" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "24" of the First Amended Complaint.

25. To the extent that Paragraph "25" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "25" of the First Amended Complaint, including specifically subparagraphs (a) through (e).

26. To the extent that Paragraph "26" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "26" of the First Amended Complaint.

27. To the extent that Paragraph "27" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "27" of the First Amended Complaint.

28. To the extent that Paragraph "28" contains facts as opposed to legal questions, Defendants deny the allegations contained in Paragraph "28" of the First Amended Complaint.

29. No response is required to the allegations contained in Paragraph "29" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is

required, Defendants deny the allegations set forth in Paragraph "29" of the First Amended Complaint.

30. No response is required to the allegations contained in Paragraph "30" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "30" of the First Amended Complaint.

## AS TO "FACTUAL ALLEGATIONS"

31. Defendants deny the allegations contained in Paragraph "31" of the First Amended Complaint, except aver that Plaintiff is employed by Defendant Blink Holdings, Inc.

32. Defendants deny the allegations contained in Paragraph "32" of the First Amended Complaint.

33. Defendants deny the allegations contained in Paragraph "33" of the First Amended Complaint.

34. Defendants deny the allegations contained in Paragraph "34" of the First Amended Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the First Amended Complaint, except aver that Plaintiff recorded her hours worked using a timekeeping system and was paid at least minimum wage for all hours worked.

36. Defendants deny the allegations contained in Paragraph "36" of the First Amended Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the First Amended Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of the First Amended Complaint.

39. Defendants deny the allegations contained in Paragraph "39" of the First Amended Complaint.

40. Defendants deny the allegations contained in Paragraph "40" of the First Amended Complaint, except aver that Plaintiff conducted personal training sessions.

41. Defendants deny the allegations contained in Paragraph "41" of the First Amended Complaint.

42. Defendants deny the allegations contained in Paragraph "42" of the First Amended Complaint, except aver that Plaintiff received commission pay for conducting a personal training session.

43. Defendants deny the allegations contained in Paragraph "43" of the First Amended Complaint.

44. Defendants deny the allegations contained in Paragraph "44" of the First Amended Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of the First Amended Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of the First Amended Complaint.

47. Defendants deny the allegations contained in Paragraph "47" of the First Amended Complaint, except aver Plaintiff conducted personal training sessions.

48. Defendants deny the allegations contained in Paragraph "48" of the First Amended Complaint.

49. Defendants deny the allegations contained in Paragraph "49" of the First Amended Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of the First Amended Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of the First Amended Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of the First Amended Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of the First Amended Complaint.

54. Defendants deny the allegations contained in Paragraph "54" of the First Amended Complaint.

## AS TO "FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
**(Unpaid Minimum Wages in Violation of the FLSA)**

55. In response to Paragraph "55" of the First Amended Complaint, Defendant repeats and realleges its responses to paragraphs "1" to "54" of this Answer as if fully set forth herein.

56. No response is required to the allegations contained in Paragraph "56" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "56" of the First Amended Complaint.

57. No response is required to the allegations contained in Paragraph "57" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "57" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

58. Defendants deny the allegations contained in Paragraph "58" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

59. Defendants deny the allegations contained in Paragraph "59" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

60. Defendants deny the allegations contained in Paragraph "60" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

61. Defendants deny the allegations contained in Paragraph "61" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

**AS TO "SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION"**
**(Unpaid Minimum Wages in Violation of the NYLL)**

62. In response to Paragraph "62" of the First Amended Complaint, Defendant repeats and realleges its responses to paragraphs "1" to "61" of this Answer as if fully set forth herein.

63. No response is required to the allegations contained in Paragraph "63" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "63" of the First Amended Complaint.

64. No response is required to the allegations contained in Paragraph "64" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "64" of the First Amended

Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

65. Defendants deny the allegations contained in Paragraph "65" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

66. Defendants deny the allegations contained in Paragraph "66" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

67. Defendants deny the allegations contained in Paragraph "67" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

### AS TO "THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION"
**(Failure to Furnish Proper Notice in Violation of the NYLL §195(1))**

68. In response to Paragraph "68" of the Complaint, Defendant repeats and realleges its responses to paragraphs "1" to "67" of this Answer as if fully set forth herein.

69. No response is required to the allegations contained in Paragraph "69" of the First Amended Complaint to the extent it sets forth legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "69" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

70. Defendants deny the allegations contained in Paragraph "70" of the First Amended Complaint and aver that Defendants Equinox Holdings, Inc., and Blink 116th Street, Inc. did not employ Plaintiff.

71. Defendants deny the allegations contained in Paragraph "71" of the First Amended Complaint and aver that Defendant Equinox Holdings, Inc., and Blink 116th Street, Inc., did not employ Plaintiff.

## AS TO "PRAYER FOR RELIEF"

72. Defendants deny all statements and allegations contained therein, including any claim for relief contained in the "WHEREFORE" clause, including specifically subparagraphs (a) through (h).

## AS TO "DEMAND FOR TRIAL BY JURY"

73. Defendants aver that Plaintiff demands a trial by jury.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

74. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

## AS AND FOR A FIRST DEFENSE

75. Plaintiff fails to state a claim upon which relief may be granted, either on her behalf or on behalf of those persons whom she purports to represent.

## AS AND FOR A SECOND DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A THIRD DEFENSE

77. Plaintiff has been paid all wages due and owing and, as such, cannot state a claim upon which relief may be granted.

**AS AND FOR A FOURTH DEFENSE**

78. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

**AS AND FOR A FIFTH DEFENSE**

79. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

**AS AND FOR A SIXTH DEFENSE**

80. The First Amended Complaint is barred, in whole or in part, pursuant, *inter alia*, to the Portal-to-Portal Act and the Fair Labor Standards Act ("FLSA"). See *Goldstein v. Equinox Holdings, Inc.*, 2014 U.S. Dist. LEXIS 91786, Case No.: 13-cv-6313 (RMB)(JLC) (S.D.N.Y. July 2, 2014).

**AS AND FOR A SEVENTH DEFENSE**

81. Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

**AS AND FOR AN EIGHTH DEFENSE**

82. At all times relevant hereto, Defendants acted in good faith, with reasonable grounds for believing that Plaintiff was exempt from or otherwise paid in compliance with the minimum wage requirements of the FLSA and New York Labor Law ("NYLL"), and did not violate any rights which may be secured to Plaintiff or to employees who are similarly situated under law, rule or regulation and inter alia are not liable for liquidated damages.

**AS AND FOR A NINTH DEFENSE**

83. Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative

practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

## AS AND FOR A TENTH DEFENSE

84.     Plaintiff cannot establish a willful violation under the FLSA or NYLL.

## AS AND FOR AN ELEVENTH DEFENSE

85.     Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## AS AND FOR A TWELFTH DEFENSE

86.     Any claims as against Defendant Equinox Holdings, Inc. fail because Defendant Equinox Holdings, Inc., was not Plaintiff's employer within the meaning of the FLSA and NYLL.

## AS AND FOR A THIRTEENTH DEFENSE

87.     Any claims as against Defendant Blink 116th Street, Inc., fail because Defendant Blink 116th Street, Inc., was not Plaintiff's employer within the meaning of the FLSA and NYLL.

## AS AND FOR A FOURTEENTH DEFENSE

88.     This case may not be maintained as a collective action because Plaintiff is not similarly-situated to the other individuals she purports to represent.

## AS AND FOR A FIFTEENTH DEFENSE

89. Plaintiff lacks standing to be and is not adequate representatives of the putative class action and, as such, the Court should not authorize notice to be issued or a class action to be maintained under the FLSA or NYLL.

## AS AND FOR A SIXTEENTH DEFENSE

90. Plaintiff has not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A SEVENTEENTH DEFENSE

91. This case is not appropriate for class action certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class action members.

## AS AND FOR AN EIGHTEENTH DEFENSE

92. Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A NINETEENTH DEFENSE

93. To the extent any members of the putative class action have signed a release and/or waiver encompassing claims alleged in the First Amended Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A TWENTIETH DEFENSE

94. All claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits set forth in Federal or New York law.

## AS AND FOR A TWENTY-FIRST DEFENSE

95.     To the extent that Plaintiff failed to make good faith and diligent efforts to mitigate r her purported damages and injuries, any relief awarded to Plaintiff should be reduced, in whole or in part.

**AS AND FOR A TWENTY-SECOND DEFENSE**

96.     Plaintiff's claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

In addition to the foregoing defenses, Defendants retain the right to amend its Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff or any putative class action member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request that the Court:

(a)     Dismiss the First Amended Complaint in its entirety, with prejudice;

(b)     Deny each and every demand and prayer for relief contained in the First Amended Complaint;

(c)     Award Defendants reasonable attorney's fees and costs, incurred in defending against this action; and

(d)     Grant such other and further relief as the Court deems just and proper.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | JACKSON LEWIS P.C.<br>666 Third Avenue<br>New York, New York 10017<br>(212) 545-4000 |
|  |  | */s/ William J. Anthony* |
| Dated: | January 23, 2017<br>New York, New York | By: _____<br>William J. Anthony<br>Sarah K. Hook |
|  |  | ATTORNEYS FOR DEFENDANTS |

4842-7792-6976, v. 3