UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCI KENON, on behalf of herself and all others similarly situated, | |
| | |
| Plaintiffs, | Case No.: 16-cv-7869 (RJS)(HP) |
| v. | |
| BLINK HOLDINGS, INC., EQUINOX HOLDINGS, INC., and BLINK 116th Street, INC., | |
| | |
| Defendants. | |

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on October 7, 2016, Plaintiff MARCI KENON ("Plaintiff") filed a Complaint and on January 9, 2017, an Amended Complaint against Defendants BLINK HOLDINGS, INC., EQUINOX HOLDINGS, INC., and BLINK 116th STREET, INC., (collectively "Defendants") (Plaintiff and Defendants together the "Parties") in the U.S. District Court, Southern District of New York, asserting claims for wage-hour violations under the Fair Labor Standards Act (FLSA) and New York Labor Law and Regulations (NYLL).

WHEREAS, the Parties are entering into this Negotiated Settlement Agreement and Release ("Agreement") desiring to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiff in the Lawsuit and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims in the lawsuit captioned *MARCI KENON, on behalf of herself and all others similarly situated v. BLINK HOLDINGS, INC., EQUINOX HOLDINGS, INC., and BLINK 116TH STREET, INC.*, Case No. 16-cv-7869 (RJS)(HP), pending in the United States District Court for the Southern District of New York (the "Lawsuit"); and

WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing asserted against them, including but not limited to all allegations contained in Plaintiff's Complaint in the Lawsuit and all other papers filed or served by Plaintiff or on Plaintiff's behalf in the Lawsuit; and

WHEREAS the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

WHEREAS, the Court has made no findings as to the merits of the Lawsuit; and

WHEREAS, the terms, conditions, and implications of this Agreement, including the Releases incorporated herein, have been explained to Plaintiff and Defendants by their respective attorneys;

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES AGREE AS FOLLOWS:

1.     **Consideration.**  In consideration for Plaintiff timely signing this Agreement and complying its terms, Defendants agrees to provide Plaintiff with the total settlement sum of Nine Thousand Five Hundred Dollars and Zero Cents ($9,500.00) ("Settlement Sum"), less lawful deductions and tax withholdings as applicable, in consideration for and in full satisfaction of all claims Plaintiff has or may have against Defendants, known or unknown, asserted or unasserted, through the date of Plaintiff's execution of this Agreement.  Such payment shall be apportioned between Plaintiff and Plaintiff's counsel as follows:

> (a) A payment to "Marci Kenon" in the gross amount of $3,166.67, reduced by applicable withholding taxes reported on IRS Form W-2;

> (b) A payment to "Marci Kenon" in the amount of 3,166.67, representing alleged liquidated, penalties and interest, which shall be reported on IRS Form 1099;

> (c) A check made payable to "Levine & Blit, PLLC" in the amount of $3,166.66, representing legal fees, costs and disbursements, which shall be reported on IRS Forms 1099 issued to Plaintiff and Plaintiff's counsel.

The payments set forth in in Paragraphs 1(a), (b) and (c) above shall be sent to Plaintiff's counsel of record, within twenty-one (21) days of the latest of the date: (i) Defendants' counsel is in receipt from Plaintiff of two (2) copies of this Agreement signed and dated by Plaintiff; (ii) Defendants' counsel receives fully executed forms W-9 from Plaintiff and Plaintiff's counsel; and (iii) Defendants' counsel is in receipt of notice of the Court's approval of all terms of this Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

2.     **No Consideration Absent Execution of this Agreement.**  Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement during the revocation period set forth below and the fulfillment of the promises contained herein.

3.     **Tax Liability**.  Plaintiff and/or Plaintiff's counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against Plaintiff upon such settlement sums set forth in Paragraph 1 above.  Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against Plaintiff

in connection with those sums.  Plaintiff acknowledges that Plaintiff has not relied on any oral or other representations made by Defendants or Defendants' counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.  **Release of Claims by Plaintiff.**  Plaintiff, her heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, its parent company, subsidiaries and affiliated entities, and each of their current and former trustees, administrators, executors, agents, owners, attorneys, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which Plaintiff may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below); the Americans with Disabilities Act of 1990; The Family and Medical Leave Act; the Fair Labor Standards Act; the New York Human Rights Law, New York Executive Law §290 et seq.; the New York City Charter and Administrative Code, N.Y.C. Charter and Admin. Code, Title VIII, §8-107 et seq.; the New York Whistleblower law; the New York Labor Law §740 et seq.; New York Labor Law §201-d; New York Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim, as amended; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; or any other basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

5.  Release of Claims by Defendants. Defendants voluntarily release and forever discharge Plaintiff, her heirs, executors, administrators, successors and assigns of and from any actions, causes of action, suits, debts, dues sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which it may have against Plaintiff as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted.

6.  Non-Disparagement.  Plaintiff agrees that Plaintiff shall not, in any manner, disparage Defendants, its affiliates, principles, partners, management, employees, products or services in any manner, forum or form, whether electronic or otherwise.  As used in this paragraph, the term "disparage" includes, without limitation, comments or statements to the press or any individual or entity which could adversely affect the conduct of the business of Defendants and its affiliates or the reputation or interests of Defendants and its affiliates, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the business of Defendants and its affiliates or the reputation or interests of Defendants and its affiliates, principles, partners, management, employees, products or service. Similarly, officers and directors of Defendant agrees not to disparage, as that term is defined in this paragraph,

3

Plaintiff. Nothing contained in this paragraph shall in any way restrict Plaintiff from truthfully discussing her experience litigating her FLSA wage-hour claims.

Nothing contained in this paragraph shall in any way restrict Plaintiff from truthfully discussing her experience litigating her FLSA wage-hour claims.

7.  **Acknowledgments and Affirmations.**  Other than Plaintiff's claims asserted in the Lawsuit, which are being settled and dismissed with prejudice, Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendants. Plaintiff further affirms that Plaintiff has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act or related state or local leave or disability accommodation laws and has not been retaliated against for exercising any rights under such laws.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by applicable law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

8.  **Procedure.**  After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, the Parties will jointly submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

9.  **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10.  **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11.  **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

12.  **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except Plaintiff's Personal Trainer Employment Agreement dated April 24, 2013, which remains

in full force and effect.   Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

13.   **Counterparts.**   This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.   Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MARCI KENON

Dated: April 13 2017

_____
Marci Kenon

BLINK HOLDINGS, INC.

Dated: _____, 2017

By: _____

Its: _____

EQUINOX HOLDINGS, INC.

Dated: _____, 2017

By: _____

Its: _____

BLINK 116th Street, INC.

Dated: _____, 2017

By: _____

Its: _____

5

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCI KENON, on behalf of herself and all
others similarly situated,

                                        Plaintiffs,

                v.

BLINK HOLDINGS, INC., EQUINOX
HOLDINGS, INC., and BLINK 116th STREET,
INC.,

                                        Defendants.

Case No.: 16-cv-7869 (RJS)(HP)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff MARCI

KENON ("Plaintiff") and Defendants BLINK HOLDINGS, INC., EQUINOX HOLDINGS,

INC., and BLINK 116TH STREET, INC., (collectively "Defendants") that the Negotiated

Settlement Agreement and Release ("Agreement") in this matter having been reviewed by the

Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall

be dismissed in their entirety, with prejudice, in accordance with the terms of the Agreement.

Respectfully submitted,

LEVINE & BLIT, PLLC.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10018
(212967-3000

By: _____
        Matthew Blit
        Justin S. Clark

Dated: April 27 , 2017

JACKSON LEWIS P.C.
*Attorneys for Defendants*
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

By: _____
        William J. Anthony
        Sarah K. Hook

Dated: _____, 2017

SO ORDERED on this _____ day of _____, 2017.

_____

Hon. Richard J. Sullivan
United States District Judge

4830-5027-6423, v. 1